# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO HERNANDEZ-JIMENEZ, Petitioner, v. GREGORY J. ARCHAMBEAULT, et al., Respondents. | Case No. 21cv936-MMA-MSB<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Alfredo Hernandez-Jimenez, a detainee previously in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* Doc. No. 1. For the reasons set forth below, the Court summarily **DISMISSES** the petition.

## DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.[1] "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

1

relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). Challenges to the "manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).

The petition is subject to summary dismissal on several grounds. At the time he initiated this action, Petitioner was housed at Imperial Regional Detention Facility, and he sought a writ based on the allegedly unconstitutional conditions of his confinement. *See id*. The Court issued an order granting Petitioner leave to proceed *in forma pauperis*. *See* Doc. No. 2. The Clerk sent Petitioner a copy of the order via U.S. Mail at his address of record at Imperial Regional Detention Facility; the U.S. Postal Service returned the mail as undeliverable and marked "DETAINEE DEPARTED." *See* Doc. No. 5. "[A] petitioner's release from detention under an order of supervision 'moots his challenge to the legality of his extended detention.'" *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002)).

Moreover, the writ of habeas corpus extends only to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. Relief under Section 2241 is available only if a federal inmate can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because the "in custody" requirement is jurisdictional, it appears that the Court lacks jurisdiction over the petition. *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir.2009) ("The text of the statute makes clear, and the Supreme Court has confirmed, that 'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3).") (citing *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973)).

And this Court's jurisdiction also depends upon the existence of a live "case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660 (1983); *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir.1996). The Court has no authority to decide "'questions that cannot affect the rights of litigants in the case before [it].'"

2

21cv936-MMA-MSB

*DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Petitioner is apparently no longer housed at the facility, the alleged conditions of which gave rise to the sole grounds for his petition. The Court's resolution of the issues raised in the petition would not impact Petitioner's rights, nor can the Court afford Petitioner any remedy. Accordingly, the petition is moot. *See DeFunis*, 416 U.S. at 316; *Mitchell*, 75 F.3d at 528.

## Conclusion

Based on the foregoing, the Court summarily **DISMISSES** the petition for writ of habeas corpus without prejudice and without leave to amend. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus may be dismissed without leave to amend if "it appears that no tenable claim for relief can be pleaded were such leave granted."). The Court **DIRECTS** Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: June 22, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge